**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**KRISTIN RENEE YORK, Administratrix of**
**The Estate of BOBBY JOE SMITH,**
          **Plaintiff,**
**v.**                                                    Civil Action No. _5:25-cv-00308_

**SUMMERS COUNTY COMMISSION, the county**
**commission corporation operating the Summers**
**County Sheriff's Office;**
**DEPUTY SHAWN CONNORS, in his official and**
**individual capacity; and**
**JOHN DOE DEPUTY SHERIFFS OF THE**
**SUMMERS COUNTY SHERIFF'S OFFICE, in their**
**official and individual capacities,**
          **Defendants.**

## COMPLAINT

Plaintiff, Kristin Renee York, as Administratrix of the Estate of Bobby Joe Smith, by and through undersigned counsel, Joseph D. Garcia and Garcia Law PLLC, brings this civil action against the Defendants Summers County Commission, Deputy Shawn Connors, and John Doe Deputy Sheriffs of the Summers County Sheriff's Department in their official and individual capacities. Plaintiff alleges as follows:

## NATURE OF ACTION

1.     This action seeks redress against Defendants for wrongful death, violations of federal constitutional law for excessive force, and for assault, battery, negligence and intentional infliction of emotional distress under West Virginia state law.

## PARTIES

2.     Bobby Joe Smith, 56 years old, was a resident of Hinton, Summers County, West Virginia prior to and at the time of his death on May 12, 2023.

3.     Plaintiff, Kristin Renee York is the daughter of Bobby Joe Smith.  At all relevant

times to this action, Kristin Renee York has been a citizen and resident of Raleigh County, West Virginia. Plaintiff was lawfully appointed by the Fiduciary Supervisor of the Summers County Commission as Administratrix of the Estate of Bobby Joe Smith on June 9, 2023.

4.    Defendant Summers County Commission is a county commission corporation organized under the laws of the State of West Virginia. Defendant Summers County Commission is a "person" under 42 U.S.C. § 1983 and, at all times relevant to this case, it acted under color of law. Defendant Summers County Commission was responsible for the hiring, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of the Summer's County Sheriff's Office and its deputies, including Defendant Deputy Shawn Connors and John Doe Deputy Sheriffs, and Defendant Summers County Commission was the final policy maker in the areas of law enforcement, training, supervision, and discipline of its deputies.

5.    Upon information and belief, Defendant Deputy Shawn Connors is a resident of Summers County, West Virginia. Defendant Deputy Connors was employed by the Summers County Commission as a deputy sheriff at the time of the incident relating to this civil action. Defendant Connors is a "person" under 42 U.S.C. § 1983 and, at all times relevant to this case, he acted under color of law.

6.    Upon information and belief, Defendant John Doe Deputy Sheriffs of the Summers County Sheriff's Office are residents of Summers County, West Virginia. Defendant John Doe Deputy Sheriffs were employed by the Summers County Commission as deputy sheriffs at the time of the incident relating to this civil action. Defendant John Doe Deputy Sheriffs are each a "person" under 42 U.S.C. § 1983 and, at all times relevant to this case, they acted under color of law

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367 because the controversy arises under the United States Constitution, 42 U.S.C. § 1983, and supplemental state common law claims.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because, upon information and belief, Defendants reside in this district and the events giving rise to this complaint occurred in this district.

## FACTUAL ALLEGATIONS

9.      On or about May 9, 2023, Defendant Shawn Connors and/or John Doe Deputy Sheriffs of the Summers County Sheriff's Office responded to a destruction of property complaint in Hinton, West Virginia.

10.     Defendant Shawn Connors and/or John Doe Deputy Sheriffs went to the home of Bobby Joe Smith at 112 Flat Rock Street, Hinton, WV to meet with Mr. Smith about the complaint.

11.     Upon information and belief, an incident occurred between Bobby Joe Smith and the Defendants, Shawn Connors and/or John Doe Deputy Sheriffs, and Defendants used force to arrest or detain Bobby Joe Smith.

12.     Upon information and belief, Defendants Deputy Shawn Connors and/or John Doe Deputy Sheriffs used excessive and unreasonable force in attempting to detain and/or restrain and/or arrest Bobby Joe Smith.

13.     Upon information and belief, Defendants Deputy Shawn Connors and/or John Doe Deputy Sheriffs continued to use excessive and unreasonable force, including use deadly force,

in striking Bobby Joe Smith when he did not pose any threat or resist arrest or detention.

14.     Upon information and belief, John Doe Deputy Sheriffs did not attempt to stop the excessive use of force against Bobby Joe Smith even though it was apparent that such force was not reasonable and was likely to severely injure or kill Bobby Joe Smith.

15.     As a result of Defendants' excessive use of force, Bobby Joe Smith suffered multiple traumatic and life threatening injuries to his face, his head, and other partes of his body that required immediate, emergency medical attention.

16.     Emergency medical services transported Bobby Joe Smith to the Summers County Appalachian Regional Hospital to receive emergency medical treatment, and he was later transported to Charleston Area Medical Center to receive further emergency medical treatment until May 12, 2023.

17.     On May 12, 2023, Bobby Joe Smith died at Charleston Area Medical Center trauma center succumbing to traumatic injuries caused by Defendants as a result of excessive use of force.

18.     According to his death certificate, Bobby Joe Smith's death was ruled a homicide and cause of death was listed as "major blunt force injuries in the setting of physical struggle with restraint procedures."

19.     Following this incident, Defendant Summers County Commission, by and through the Summers County Sheriff's Office, was unable to provide any responsive documents to a Freedom of Information Act request for photographs, videotape footage, body camera footage, dashboard footage, audio recordings, use of force reports, incident reports, witness statements, documents, or related policies and procedures concerning the May 9, 2023 incident, except for its use of force policy.

20. Upon information and belief, this incident was investigated by the West Virginia State Police.

21. Based on the aforementioned acts and conduct, Defendant Deputy Connors and John Doe Deputy Sheriffs acted willfully, deliberately, maliciously, and with reckless disregard for the constitutional and statutory rights of Bobby Joe Smith.

22. Upon information and belief, Defendant Summers County Commission, as a matter of policy, practice, and/or custom, failed to ensure the creation of appropriate policies and procedures, adequately train and supervise its deputy sheriffs, and conduct proper, adequate, and meaningful investigations regarding use of force incidents so that the constitutional rights of Bobby Joe Smith were protected.

23. As a direct and proximate result of the Defendants' wrongful conduct, Bobby Joe Smith suffered severe injuries, pain, suffering, and ultimately death.

## COUNT I
### 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment
### (As to Defendants Shawn Connors and John Doe Deputy Sheriffs)

24. Plaintiff incorporates by reference all previous allegations contained in paragraphs 1 through 23.

25. Defendants' conduct, committed under color of state law, deprived Bobby Joe Smith of his right to be free from the use of excessive force in violation of his rights under the United States Constitution, in particular the Fourth Amendment thereof, and 42 U.S.C. § 1983. As a direct and proximate result of the Defendants' wrongful conduct, Bobby Joe Smith suffered severe injuries, pain, suffering, and ultimately death.

## COUNT II
### 42 U.S.C. § 1983 – Failure to Train, Supervise, or Discipline
### (As to Defendant Summers County Commission)

26.    Plaintiff incorporates by reference all previous allegations contained in paragraphs 1 through 25.

27.    Defendant Summers County Commission's conduct, committed under color of state law, in failing to train, supervise, or discipline Defendant Deputy Shawn Connors and John Doe Deputy Sheriffs, deprived Bobby Joe Smith of his right to be free from the use of excessive force in violation of his rights under the United States Constitution, in particular the Fourth Amendment thereof, and 42 U.S.C. § 1983.  As a direct and proximate result of the Defendants' wrongful conduct, Bobby Joe Smith suffered severe injuries, pain, suffering, and ultimately death.

## COUNT III
### West Virginia State Law Claims for Wrongful Death,
### Assault, Battery, and Negligence
### (All Defendants)

28.    Plaintiff incorporates by reference all previous allegations contained in paragraphs 1 through 27.

29.    Plaintiff asserts violation of West Virginia state law by Defendants for wrongful death, West Virginia Code § 55-7-5, assault, battery, negligence, and intentional infliction of emotional distress against the decedent, Bobby Joe Smith, based on its use of excessive force against him.

30.    Defendant Summer County Commission is vicariously liable for all conduct of, or attributed to, Defendant Deputy Shawn Connors and/or John Doe Deputy Sheriffs, while acting in their capacity as employees.

31.    As a direct and proximate result of the Defendants' wrongful conduct, Bobby Joe

Smith suffered severe injuries, pain, suffering, and ultimately death.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kristin Renee York, as Administratrix of the Estate of Bobby Joe Smith, respectfully demands that she be awarded judgment and that she and Bobby Joe Smith's wrongful death beneficiaries be awarded damages for the following:

A.  Bobby Joe Smith's pain and suffering prior to his death;

B.  The sorrow and emotional suffering of all of Bobby Joe Smith's wrongful death beneficiaries;

C.  The loss of emotional support, society, and companionship to all of Bobby Joe Smith's wrongful death beneficiaries;

D.  Medical bills and funeral expenses incurred;

E.  Punitive damages;

F.  Pre- and post-judgment interest;

G.  Attorneys' fees, costs, and expenses incurred in the prosecution of this lawsuit; and

H.  For such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all issues so triable.

> **KRISTIN RENEE YORK, as Administratrix**
> **of the Estate of Bobby Joe Smith**
> **By Counsel**
>
> **/s/Joseph D. Garcia**
> Joseph D. Garcia, Esq. (WVSB # 11097)
> GARCIA LAW PLLC
> 1403 Locust Avenue
> Fairmont, WV 26554
> (304) 534-7135 Telephone
> (304) 534-8863 Facsimile
> jgarcia@wvgarcialaw.com
> *Counsel for Plaintiff*