UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

KRISTIN RENEE YORK,
*Administratrix of the Estate of*,
BOBBY JOE SMITH,

      Plaintiffs,

v.                                                                          CIVIL ACTION NO. 5:25-cv-00308

SUMMERS COUNTY COMMISSION,
*the County Commission Corporation Operating*
*the Summers County Sheriff's Office*, and
DEPUTY SHAWN CONNORS,
*in His Official and Individual Capacity*, and
JOHN DOE DEPUTY SHERIFFS OF THE
SUMMERS COUNTY SHERIFF'S OFFICE,
*in Their Official and Individual Capacities*,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending is Defendant Deputy Shawn Connors and Summers County Commission's ("Defendants") Motion to Dismiss [ECF 11], filed October 17, 2025. Plaintiff Kristin Renee York responded on October 31, 2025. [ECF 14]. Defendants replied on November 7, 2025. [ECF 15]. The matter is ready for adjudication.

**I.**

On or about May 9, 2023, Defendant Shawn Connors, along with other unnamed Sheriffs (collectively, the "Defendant Officers") of the Summers County Sheriff's Department, arrived at decedent Bobby Joe Smith's home in response to a destruction of property complaint. [ECF 1 ¶¶ 9–10]. During the Defendant Officers' attempt to detain Mr. Smith, he suffered "multiple traumatic and life[-]threatening injuries to his face, his head, and other partes [sic] of his

body that required immediate, emergency medical attention." [*Id.* ¶¶ 12–15]. Mr. Smith was transported to Summers County Appalachian Regional Hospital for emergency medical treatment and subsequently transferred to Charleston Area Medical Center for further treatment, where he died from his injuries on May 12, 2023. [*Id.* ¶¶ 16–17]. Mr. Smith's death was ruled a homicide, the cause described as "major blunt force injuries in the setting of physical struggle with restraint procedures." [*Id.* ¶ 18].

Ms. York alleges that during the incident, Deputy Connors and other officers used excessive and unreasonable force to detain Mr. Smith. [*Id.* ¶ 12]. She alleges the Defendant Officers continued this excessive and unreasonable force even though Mr. Smith did not pose any threat and did not resist arrest. [*Id.* ¶ 13]. Further, she contends the "John Doe Deputy Sheriffs did not attempt to stop the excessive use of force against Bobby Joe Smith even though it was apparent that such force was not reasonable and was likely to severely injure or kill Bobby Joe Smith." [*Id.* ¶ 14].

Ms. York made a "Freedom of Information Act [("FOIA")] request for photographs, videotape footage, body camera footage, dashboard footage, audio recordings, use of force reports, incident reports, witness statements, documents, or related policies and procedures concerning the May 9, 2023 incident[.]" [*Id.* ¶ 19]. Ms. York alleges the Summers County Commission, through the Sheriff's office, provided only its use of force policy as a responsive document to her FOIA request. [*Id.*]. The incident was, however, investigated by the West Virginia State Police. [*Id.* ¶ 20].

Ms. York contends the Defendant Officers "acted willfully, deliberately, maliciously, and with reckless disregard for the constitutional and statutory rights of Bobby Joe Smith." [*Id.* ¶ 21]. Further, she contends, an alleged custom and policy of the Summers County

Commission refuses appropriate policies and procedures, fails to adequately train and supervise deputy sheriffs, and fails to conduct adequate and meaningful investigations into use of force incidents. [*Id.* ¶ 22]. Ms. York alleges Mr. Smith suffered severe injuries, pain, suffering, and ultimately death as a direct and proximate result of the Defendants' alleged unconstitutional conduct. [*Id.* ¶ 23].

On May 8, 2025, Ms. York instituted this action as Administratrix of Mr. Smith's estate. [*See* ECF 1]. Ms. York alleges the Defendant Officers' conduct violated Mr. Smith's Fourth Amendment right to be free from excessive force in violation of 42 U.S.C. § 1983. [*Id.* ¶¶ 24–25]. She contends the Summers County Commission violated those same rights by virtue of its failure to train, supervise, or discipline the Defendant Officers. [*Id.* ¶¶ 26–27]. Finally, she brings state law claims for wrongful death, assault, battery, negligence, and intentional infliction of emotional distress against the Defendant Officers in their capacities as employees, and against the Summers County Commission on a vicarious liability theory. [*Id.* ¶¶ 28–31].

Defendants filed their Motion to Dismiss Ms. York's Complaint on October 17, 2025. [ECF 11]. They contend Ms. York's Complaint fails to allege facts stating a claim for relief, and the West Virginia Tort Claims Act immunizes them from her negligence and vicarious liability claims. [ECF 12 at 8–12]. Additionally, they contend, inasmuch as Ms. York has failed to allege constitutional violations against Defendant Connors, qualified immunity bars her § 1983 claims against him. [*Id.* at 3–5]. Similarly, Defendants allege Ms. York's § 1983 claims against the Summers County Commission fail for inadequate factual allegations supporting a failure to train, supervise, or discipline. [*Id.* at 12–17].

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Any defense presented under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, the motion to dismiss must be filed before any answer to the complaint is filed. Additionally, and as an aside, any answer must be filed within twenty-one days of the issuance of the summons, except for situations wherein the timeline is enlarged by the court. Fed. R. Civ. P. 12(a).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" must amount to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is well settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading

need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678–79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555–56); *see also S.C. Dep't of*

*Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw [] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

Title 42 U.S.C. § 1983 governs actions stemming from state officers' deprivations of constitutional rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983. "Because local governments are subdivisions of the State, actions taken under color of a local government's law, custom, or usage count as 'state' action for purposes of § 1983." *Lindke v. Freed*, 601 U.S. 187, 195 n. 1 (2024) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690–691 (1978)). Accordingly, a municipal employee is subject to suit in his individual capacity when he "violates a federal right while acting 'under color of law[.]'" *Id*. Thus, in addressing a motion to dismiss for qualified immunity, the Court must consider "(1) whether a constitutional violation occurred and (2) whether the right violated was clearly established." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010)).

For the purposes of qualified immunity, "[a] clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566

U.S. 658, 664 (2012)). While determination of "whether a right is clearly established is a question of law for the court to decide" the question of "[w]hether the conduct allegedly violative of the right actually occurred . . . must be reserved for trial." *Ray*, 948 F.3d at 228–29 (quoting *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005)). In assessing a constitutional violation of the Fourth Amendment protection against excessive force, the Court must consider "the nature and quality of the intrusion on the individual's interests against the countervailing governmental interests at stake." *Lewis v. Caraballo*, 98 F.4th 521, 531 (4th Cir. 2024) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

"Whether an officer has used excessive force is analyzed under a standard of objective reasonableness." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011). Several non-exclusive factors guide the Court's analysis of whether the use of force was reasonable: "(1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to flee." *Lewis*, 98 F.4th at 531 (citing *Graham*, 490 U.S. at 396). Specifically, our Court of Appeals focuses on "the proportionality of the force in light of all the circumstances." *Id.* (quoting *Yates v. Terry*, 817 F.3d 877, 885 (4th Cir. 2016)).

The complaint is rather short on supporting factual allegations. To conduct a proper qualified immunity analysis and address the balance of the grounds for dismissal, more factual detail is required. For example, while the Defendant Officers initially responded to a call regarding destruction of property, there are no additional facts upon which the Court can rely to consider the "severity of the crime at issue." *Id.* at 531. Additionally, the allegation that Mr. Smith did not pose a threat or resist arrest is a conclusory statement that provides no factual detail in assessing whether Mr. Smith posed an immediate safety threat to those present at the scene, or whether he was

resisting arrest or attempting to flee. [*Id.* ¶ 13]; *Lewis*, 98 F.4th at 531. Thus, the Court is without sufficient detail to consider the totality of the circumstances in determining whether Deputy Connors violated Mr. Smith's clearly established rights.

Accordingly, the Complaint [**ECF 1**] is **DISMISSED WITHOUT PREJUDICE** to the filing of an amended pleading on or before May 15, 2026. It is expected the amended pleading will contain the necessary additional allegations for the Court to adjudicate any dispositive motion that thereafter follows. Counsel for Ms. York is additionally directed to check the correct spellings of the styled Defendants' names and remedy any errors found.

The Court directs the Clerk to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:        May 4, 2026

Frank W. Volk
Chief United States District Judge

8