**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

KRISTIN RENEE YORK,
*Administratrix of the Estate of,*
BOBBY JOE SMITH,

Plaintiffs,

v. CIVIL ACTION NO. 5:25-cv-00308

SUMMERS COUNTY COMMISSION,
*the county commission corporation operating*
*the Summers County Sheriff's Office,* and
DEPUTY SHAWN CONNORS,
*in his official and individual capacity,*

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pursuant to the Memorandum Opinion and Order [ECF 28] entered May 4, 2026, Plaintiff Kristin Renee York, as Administratrix of the Estate of Bobby Joe Smith, was given leave to amend her Complaint [ECF 1]. Amendments were due on or before May 15, 2026. [ECF 28 at 8]. Ms. York failed to make any amendments or request additional time to amend. On August 31, 2026, the Court allowed Ms. York one final opportunity to amend. [ECF 29 at 2]. Amendments were due on or before September 15, 2026. [*Id.*]. Ms. York yet failed to make any amendments or request additional time to amend.

*Federal Rule of Civil Procedure* 41(b) allows dismissal of a case "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). Our Court of Appeals has established four criteria when determining dismissal under Rule 41(b): "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of

deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990)).

First, Ms. York was warned "failure to comply with [the Court's] Order will result in the final dismissal of the case pursuant to *Federal Rule of Civil Procedure* 41 for failure to prosecute." [ECF 29 at 2]. The aforementioned Memorandum Opinion and Order [ECF 28] was sent to Ms. York's counsel, not Ms. York. The later Order [ECF 29], however, was sent to both Ms. York and her counsel. [ECF 29 at 2]. On September 19, 2026, the Order [ECF 29] sent to Ms. York was returned undeliverable, and no new mailing address appeared. Additionally, a copy of the Order [ECF 29] was sent to Ms. York's email address, which was also returned as undeliverable. In failing to have updated conventional and electronic contact information, Ms. York justifiably bears some personal responsibility for the failure to prosecute.

Second, there is a history of delay in this case. Ms. York did not serve process on Defendants within 90 days as required by *Federal Rule of Civil Procedure* 4(m). [ECF 3]. It was only following an Order [ECF 3] directing Ms. York to show good cause warranting an extension for service of process that Ms. York's counsel responded. Ms. York's counsel contended he had made a mistake and "Plaintiff intended to serve the summons and complaint within 120 days instead of the 90-day requirement outlined in Rule 4(m);" thus, Ms. York moved for an extension to serve process, which was granted. [ECF 4 at 2; ECF 5].

Additionally, the parties failed to file their *Federal Rule of Civil Procedure* 26(f) Report of Parties Planning Meeting and Scheduling Order Worksheet on time pursuant to *Local Rule of Civil Procedure* 16.1, again due to the failure of Ms. York's counsel. The Order and Notice [ECF 17] set the last day to file the Worksheet on January 20, 2026. [ECF 17 at 1]. The parties

failed to timely file and, on January 21, 2026, an additional show cause Order [ECF 18] relating to the required Rule 26(f) Report was entered.

It is notable that Defendants contended they attempted to comply with the Court's Order and Notice [ECF 17]. [ECF 20 at 1]. Due to difficulty scheduling, Defendants' counsel "proposed to prepare the Report of Parties Planning Meeting and submit the same to Counsel for the Plaintiff for review and discussion." [*Id.*]. This was emailed to Ms. York's counsel on January 13, 2026. [*Id.*]. Ms. York's counsel failed to respond, and Defendants' counsel sent a follow-up email on January 20, 2026, the day of the deadline. [*Id.*]. Ms. York's counsel failed to approve the Worksheet by the deadline, which caused the parties to miss the deadline. [*Id.* at 2].

Third, there appears to be no prejudice to Defendants if this case was dismissed. Fourth, although dismissal with prejudice would be too harsh a sanction, dismissal without prejudice is plainly appropriate given the four-factor analysis and the inexcusable failures to follow the Court's orders.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint [**ECF 1**]. The Court **DIRECTS** Ms. York's counsel to send her a copy of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 29, 2026

Frank W. Volk
Chief United States District Judge